

# IN THE
# TENTH COURT OF APPEALS

### No. 10-19-00411-CV
### No. 10-19-00412-CV

### IN THE INTEREST OF A.D., JR., A CHILD
### AND
### IN THE INTEREST OF K.M., B.S., J.M., AND J.C., CHILDREN

### From the 278th District Court
### Walker County, Texas
### Trial Court Nos. 18-28,739 and 18-28,745

## CONCURRING OPINION

This case presents the train wreck of many lives. It is not too late for all of them to recover and find the tracks that will take them in new directions to successful, productive, and happy lives. But it will be necessary, for at least most of them, to be on separate trains.

This case involves the 25-year-old mother of seven children. In these two proceedings, we are dealing with the appeal of the termination of her parental rights as

to three of them.  It is important to first note that this is a concurring opinion.  In that regard, I concur in the Court's judgment affirming the trial court's termination of her parental rights on ground "E."  Because ground E is supported based on the mother's conduct, primarily an extensive history of crime as a result of her violent/assaultive actions, she has spent a good deal of time, virtually the entire time these cases have been pending in the trial court, incarcerated or in jail awaiting trial.  The uncertainty to which she has subjected her children by her own action has overwhelming support, not only for a finding upon ground E, but also that termination of her parental rights is in the best interest of these three children.

I cannot, however, leave my conclusions in that regard without commenting on the arguments of the State.  The State repeatedly beats the drum, which is supported by the evidence, that the mother committed the offense of statutory rape of the father of one of these children when he was only fifteen years old.  They call it a "heinous act."  They double down on this evidence and argument to then note that the mother "took the fifth" when asked who was the father of the child to whom she gave birth while in jail just shortly before the final hearing in this proceeding.

The State argues that this mother "is not a victim."  I beg to differ.  If the State had not made such an absurd statement, I would not have written this concurring opinion.

Based on the State's own brief, this mother gave birth to her first child when she was 16 years old.  Because I do not have all the dates I need to make an accurate calculation, I will draw the inference that she was only 15 when she became pregnant. This is the same age as the father of her child upon whom the State alleges she

committed the "heinous act" of statutory rape. He is a victim. So is she.

This is not a defense of her subsequent actions. But to ignore this history when trying to map a solution is unnecessarily callous and may alienate her from the opportunity to pursue a life of happiness which was essentially taken from her while she was still a child. She has to take responsibility for her actions, and it is those actions, not the actions of others, that has resulted in the loss of her parental rights as to her children in these proceedings. She is young and still has a lot of life left to live. It will be difficult, but she can overcome the history that has brought her to this point if she commits to learn how to control the anger which results in violence, and direct her emotions to a constructive result. That is the message that she should be hearing from the State, not that she is an unredeemable heinous criminal, which she is not.

With these comments I encourage her to change, I condemn the language of the arguments made by the State, and I concur in the judgment of the Court.


TOM GRAY
Chief Justice

Concurring Opinion delivered and filed August 10, 2020



In the Interest of A.D., Jr., a Child
In the Interest of K.M., B.S., J.M. and J.C., Children                                    Page 3